**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NESTOR EMERSON MORENO-CARCAMO, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 3:26-CV-1793 |
| | ) | Judge Marilyn J. Horan |
| WOLFORD, *et al.*, | ) | |
| Respondents. | ) | |

**ORDER**

Presently before the Court is Petitioner Nestor Emerson Moreno-Carcamo's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), Respondents' Response (ECF No. 7), and Petitioner's Reply in Support (ECF No. 8). The petition is now fully briefed; and thus, ripe for disposition. Upon review of the parties' arguments, the Court will **GRANT IN PART** Petitioner's Petition for Writ of Habeas Corpus.

Petitioner is a native and citizen of the El Salvador who entered the United States without inspection through Texas on or around May 8, 2017. (ECF No. 1–2 at 4). On May 9, 2017, the Petitioner was encountered by immigration authorities and housed at the BCFS Harlingen Texas shelter through the DHS Office of Refugee Resettlement. (ECF No. 1 at 4). After a passage of time, Petitioner was released to the custody of his uncle in Washington, D.C. and based on a family court's determination that he was a victim of parental neglect, ultimately approved for Special Immigrant Juvenile Status in 2019. (ECF No. 1 at 1). Petitioner attended three years of high school in Washington D.C., and was employed in various trades in Washington, D.C. and Pittsburgh, PA until September 25, 2025. (*Id.*)

On September 25, 2025, Petitioner was detained by immigration officials during a narcotics investigation at a residence in Pittsburgh, PA. (ECF No. 1 at 1). Petitioner alleged they were not implicated or charged in the narcotics activity, but since that date, Petitioner has remained in immigration detention without a bond hearing, and at the time of filing this petition, he has been detained by Immigration Customs and Enforcement at Northern Regional Jail, Moshannon Valley Processing Center, and Cambria County Jail for a cumulative period of over twelve (12) months. (ECF. No 1 at 6).

Petitioner and Respondent agree that this Court must apply the Third Circuit's decision in *Buele Morocho v. Warden* and grant Petitioner's habeas petition "to the extent that it seeks a prompt individualized bond hearing under Section 1226(a) in the immigration court" and that doing so would "satisfy due process." (ECF No. 7 at 2); (ECF No. 8 at 1). Petitioner and Respondent further agree that Section 1225(b)(2)(A) does not apply to Petitioner. (ECF No. 7 at 2); (ECF No. 8 at 1). As for relief, Petitioner asks this Court to "find that his arrest was unlawful, his continued detention [a]s unlawful, and to order his release immediately." (ECF No. 1 at 2). Alternatively, Petitioner requests this Court "enter an Order that the immigration court hold an individualized bond hearing within 14 days of the Court's granting the Petition." (ECF No. 8 at 1).

As a preliminary matter, for the reasons stated in the Court's prior decision *Deh v. Warden Moshannon Valley Processing Ctr., et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and recently by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026*)*, the Court finds that Petitioner is

properly detained under § 1226(a), rather than § 1225(b), and is thus owed a bond hearing.[1] *See Buele Morocho*, 2026 WL 2546223, at *5 ("The INA's broader statutory scheme also supports the conclusion that § 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders."). Therefore, the Court will evaluate the following four *German Santos* factors to determine which party bears the burden of proof in this initial bond hearing: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210–11.

First, when considering whether detention has become unreasonable, "[t]he most important factor is the duration of detention." *See id.* at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)).

Here, Petitioner has been detained for over twelve months. (ECF. No 8 at 2). This duration is within the "six-month-to-one-year period that triggered a bond hearing in *Chavez-Alvarez* [*v. Warden York County Prison*, 783 F.3d 469, 477 (3d Cir. 2015)]" (*see German Santos*, 965 F.3d at 212) and is akin to the detention periods that triggered bond hearings for other § 1226(a) petitioners

[1] The Court notes that, even if § 1225(b) applied to Petitioner, application of the *German Santos* factors would remain proper because courts in this Circuit have "held 'that an arriving alien such as Petitioner has a constitutional due process right to a bond hearing once his detention becomes unreasonable to the same extent as an alien who is subject to removal under § 1226(c).'" *See Akhmadjanov v. Oddo,* No. 3:25-CV-35, 2025 WL 660663, at *2–4 (W.D. Pa. Feb. 28, 2025) (quoting *A.L. v. Oddo*, 761 F. Supp. 3d 822, 825-26 (W.D. Pa. 2025)); *see also Pierre v. Doll*, 350 F. Supp. 3d 327, 332 (M.D. Pa. 2018) (collecting cases which determined "arriving aliens detained under § 1225(b) have a due process right to avoid unreasonably prolonged detention"). Namely, the *A.L.* court determined that, "[i]n assessing whether [§ 1225(b)] detention has become unreasonable[,]" a district court should apply "the same factors laid out in *German Santos*." *A.L.*, 761 F. Supp. 3d at 826.

within this District. *See, e.g.*, *Niangane*, 2026 WL 2280905, at *3 (nine months); *A.P.C.*, 2026 WL 1998487, at *4 (eleven months); *Bah v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261, at *6 (W.D. Pa. Aug. 31, 2026) (eleven months); *Ariel Brito Gomez v. John Rife, et al.*, No. 3:26-cv-1515, 2026 WL 3090980, at *2 (W.D. Pa. Oct. 16, 2026) (ten months). Thus, this factor weighs in favor of Petitioner.

Next, when evaluating the second factor, a habeas court must consider "whether the detention is likely to continue." *German Santos,* 965 F.3d at 211. Here, similar to *Bah and Ariel Brito Gomez*, Petitioner asserts that his detention is likely to continue throughout his pending appeal in the Board of Immigration Appeals, which remains undecided. (ECF No. 8 at 2). Unlike this Courts' recent decision in *Ariel Brito Gomez*, Petitioner's appeal remains unbriefed. *Ariel Brito Gomez,* 2026 WL 3090980, at *2. And upon briefing and the BIA issuing a decision, there exists the possibility of Petitioner further appealing to the Third Circuit. As such, this factor weighs in Petitioner's favor. *See German Santos*, 965 F.3d at 212 (concluding that this factor weighed in the petitioner's favor where the petitioner was awaiting BIA decision and potential Third Circuit review).

Third, in assessing the impact of the reasons for delay upon the reasonableness of detention, a petitioner's "appeals and applications for discretionary relief [are not held] against him[.]" *Id.* However, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix." *Id.* (citing *Diop*, 656 F.3d at 234). Here, Petitioner claims they "ha[ve] been stymied at every turn by the incredibly inefficient bureaucracy" when correcting their immigration status. (ECF No. 8 at 3). There is, however, nothing of evidence in the record that indicates Respondents have

improperly delayed Petitioner's immigration proceedings. (ECF No. 7 at 4). As such, this factor is neutral as to both parties.

Finally, when assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212–13 (citing *Chavez-Alvarez*, 783 F.3d at 478). In particular, a district court must examine the factual circumstances particular to the petitioner to assess whether "his detention is indistinguishable from criminal punishment[,]" "[d]espite its civil label[.]" *See id.* at 210.

Here, Petitioner is currently housed at Cambria County Jail which houses convicted criminals and pretrial detainees. (ECF No. 8 at 3). While Petitioner is not subject to solitary confinement, he is housed, albeit on a separate block with other detainees, in the same facility as those charged with a crime.[2] (*Id.*). Upon review, the Court finds it concerning the Petitioner is housed in the same facility as convicted criminals, however the parties have not submitted evidence concerning Petitioner's specific conditions of confinement at Cambria County Jail. *See Fofana v. Oddo*, 2026 WL 2420149, at *3 (W.D. Pa. Aug. 19, 2026) (Conti, J.) (citing *Fadel v. Warden of Moshannon Valley Ice Processing Ctr.*, No. 3:26-CV-00625, 2026 WL 1649901) (W.D. Pa. June 8, 2026)). As such, this factor weighs in favor of neither party.

In conclusion, because two factors weigh in Petitioner's favor, while two remain neutral, the Court finds, based upon the specific facts of the detention before it and underneath the standard set within *German Santos*, that Petitioner's detention under § 1226(a) has become unreasonable.

---

[2] Previous reports on Cambria County Jail's detainees have been detailed in various Pennsylvania news outlets, https://www.spotlightpa.org/news/2026/10/pennsylvania-ice-immigration-detention-conditions-family-justice-system/; https://www.altoonamirror.com/news/local-news/2026/04/pennsylvania-county-jails-earn-millions-housing-ice-detainees/.

Thus, the burden of proof at the initial bond hearing will be placed upon the Government. "To justify [Petitioner's] continued detention," "the Government must put forth clear and convincing evidence" to "support a finding that continued detention is needed to prevent him from fleeing or harming the community[;]" "[i]f it cannot, it must release him." *German Santos*, 965 F.3d at 213-14 (citing *Chavez-Alvarez*, 783 F.3d at 477-78).

Therefore, for the reasons set forth herein, the Court will **GRANT** Petitioner's Habeas Petition (ECF No. 1), in so much as it requests that this Court direct that he be afforded a constitutionally adequate bond hearing before an Immigration Judge with the Government bearing the burden of proof and will **DENY** the Petition in all other respects.

Accordingly, this 20th day of October 2026, it is hereby **ORDERED** as follows:

1. Petitioner's Habeas Petition is **GRANTED IN PART** in so much as it requests that this Court order that he be afforded a constitutionally adequate bond hearing before an Immigration Judge.
2. Respondents shall provide Petitioner a constitutionally adequate bond hearing before a neutral Immigration Judge within thirty (30) days of the entry of this Order. This timeline may be extended by Petitioner upon a motion to the Immigration Judge.
3. At this bond hearing, the Government must put forth clear and convincing evidence to support a finding that continued detention is needed to prevent Petitioner from fleeing or harming the community.
4. Petitioner's Habeas Petition (ECF No. 1) is **DENIED** in all other respects.
5. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: October 20, 2026

Marilyn J. Horan
United States District Court Judge